```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JAMIL SHARIF                               CIVIL ACTION

VERSUS                                     NO: 10-970

DECATUR HOTELS, LLC D/B/A                  SECTION: "A" (1)
NEW ORLEANS FINE HOTELS
```

### ORDER SETTING ASIDE DEFAULT JUDGMENT

Before the Court is a **Motion to Set Aside Default Judgment (Rec. Doc. 26)** filed by defendant Decatur Hotels, LLC. Plaintiff Jamil Sharif opposes the motion. The motion, set for hearing on October 5, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

### I.   BACKGROUND

Plaintiff, Jamil Sharif, filed this lawsuit against defendant Decatur Hotels, LLC on March 25, 2010. The crux of the complaint is that Decatur used Sharif's image in its advertising campaign without his permission. Sharif asserted claims under the Lanham Act and state law. On January 5, 2011, the district judge then presiding held an evidentiary hearing on Sharif's motion for a default judgment. (Rec. Doc. 25). On that same date, the Court entered a default judgment in favor of Sharif for $400,000.00. (Rec. Doc. 24).

On March 24, 2010, the day before Sharif filed this lawsuit,

the same district judge dismissed Sharif's identical complaint against Decatur without prejudice for failure to properly serve Decatur. (09-6228, Rec. Doc. 19). Sharif had relied upon the same state law provision for service of process upon a limited liability company, Louisiana Code of Civil Procedure article 1266(B)(2), in Civil Action 09-6228 that he relied upon in the instant suit.[1]

Decatur now moves to set aside the default judgment arguing inter alia that the judgment is void because service was improper.[2]

## II. DISCUSSION

The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). Fed. R. Civ. Pro. 55(c). According to Rule 60(b), on motion and just terms, the court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. Pro. 60(b)(4). If a court lacks jurisdiction over a defendant because of insufficient service of process, the judgment is void and must be set aside under Rule

---

[1] Federal Rule of Civil Procedure 4(h)(1)(A) specifically allows the plaintiff to use state law methods of service when serving a corporation, partnership, or other association.

[2] Civil Action 10-970 was transferred to this Section after Decatur filed the motion to set aside the default judgment. (Rec. Doc. 30).

60(b).  Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 118 (5th Cir. 2008) (citing Recreational Props., Inc. v. Southwest Mortgage Serv. Corp., 804 F.2d 311, 314 (5th Cir. 1986)).

Turning now to the instant case, Sharif had at least three service options available to him under the federal rules.  First, pursuant to Rule 4(d)(1)(A)(ii), Sharif could have requested waiver of service directly from Scott Day, Decatur's president and co-manager.  Counsel for Sharif had had extensive communications with Day from April to May 2009 regarding Decatur's unauthorized use of Sharif's image.  Second, pursuant to Rule 4(h)(1)(B), Sharif could have served Day personally at Decatur's corporate headquarters.[3]  Of course, as Sharif correctly points out, he was not *required* to use either of these methods, and Rule 4(h)(1)(A), the third available option, was equally available to him as a mode of service.

Rule 4(h)(1)(A) incorporates state law service of process provisions.  Via this rule, a limited liability company can be

---

[3] In response to this assertion Sharif directs the Court's attention to Defendant's Exhibit D-11 and points out that "[s]ervice was attempted at Mr. Day's location at the 301 Magazine Street address [on] May 17, 2010, and May 24, 2010." (Rec. Doc. 32 at 2).  Defendant's Exhibit D-11 demonstrates only that the process server attempted to serve Edwin Palmer, the designated agent for service, at that location.  This document does not suggest that Sharif actually attempted to serve Day at the corporate office.

served in accordance with Louisiana Code of Civil Procedure article 1266.  This article dictates that service on a limited liability company is to be made on its registered agent for service of process.  La. Code Civ. Pro. art. 1266(A).  Decatur's registered agent for service of process is Edwin Palmer and the registered address for service of process purports to be 301 Magazine Street.

Sharif had tried unsuccessfully to obtain a waiver of service from Palmer via certified mail during the 09-6228 lawsuit and Sharif began to suspect that Palmer was simply shirking his legal duties as a registered agent.  That's when Sharif decided to rely upon the fail-safe provision of article 1266 which allows for personal service on an employee at any place where the business of the limited liability company is regularly conducted.[4]  La. Code Civ. Pro. art. 1266(B)(2).  Sharif personally served Jamie Stolberg, a Decatur employee.  Judge McNamara dismissed Sharif's complaint in Civil Action 09-6228 after concluding that this was not effective service as to Decatur because Sharif had not demonstrated due diligence in

---

[4] "[I]f the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by . . . [p]ersonal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted."  La. Code Civ. Pro. art. 1266(B)(2).

4

attempting to personally serve Palmer.  (09-6228, Rec. Doc. 18).

Notwithstanding the difficulties that Sharif had already encountered with Palmer, the difficulties he had experienced in satisfying the substantive requirements of article 1266's fail-safe provision, and the other available modes of service which would not have involved Palmer, Sharif nevertheless chose to rely on article 1266(B)(2) and attempted personal service on Palmer. Sharif's process server tried to serve Palmer at the registered address and was told that he does not come into that office and no one knew where to locate him. (Def. Exh. D-11).  The process server then tried multiple times without success to serve Palmer at a residential address.  Next, the United States Marshal attempted to serve Palmer at the registered address and at the alternate residential address but service was returned unexecuted with the notation that the deputy marshal could not locate Palmer. (Def. Exh. D-12).  Concluding that he had satisfied due diligence, Sharif then served Decatur employee Stacey Rico at the St. James Hotel on July 27, 2010.  (Rec. Doc. 13).  On December 22, 2010, Judge McNamara entered Decatur's default after concluding that service on Rico was effective as to Decatur. (Rec. Doc. 22).

The Court cannot grapple with the implicit conclusion of Judge McNamara's December 22, 2010, order--Sharif surely

demonstrated due diligence in attempting to serve Palmer at the registered address; both the deputy marshal and the private process server failed. Having been told by the employees present that Palmer does not report to the corporate office, Sharif was not required to engage in the futile act of returning to that location yet again. Nonetheless several aspects of the service upon which the $400,000.00 default judgment was based trouble the Court. First, while Rico is an employee of Decatur, it is hardly clear that the St. James Hotel is the location where Decatur regularly conducts its business. Decatur has a separate corporate office down the street and while Palmer could not be found at that location, the process server's affidavit makes clear that other employees were located there. (Def. Exh. D-11). Further, Judge McNamara had been told that Decatur owned the St. James Hotel, (Rec. Doc. 22 n.1), but now its seems that another entity albeit a related one actually owns the hotel.

Second, there is no evidence to suggest that Decatur's principals, or those who act on behalf of the entity, had actual notice that Sharif had filed a second lawsuit. Decatur did not ignore Civil Action 09-6228 but retained counsel to defend that case. When Sharif's counsel finally made actual contact with Decatur after the default had issued in Civil Action 10-970, (Def. Exh. D-10), Decatur, through its same attorneys, acted

6

Case 2:10-cv-00970-JCZ-SS   Document 38   Filed 11/08/11   Page 7 of 9

expeditiously to move to set aside the judgment.  The Court discussed these matters with counsel at a status conference on July 12, 2011, and the Court left the conference persuaded that Decatur did not know about the second lawsuit, much less about the default proceedings.[5]

To be sure, the Court does not condone the practice of appointing agents for service of process who later evade service and who cannot be found at the registered address for service. The Court is not convinced that Decatur is operating with "clean hands" as far as the service issue is concerned.  But given the

---

[5] Certain aspects of docket administration might also suggest that Decatur knew nothing about the second lawsuit.  When Civil Action 10-970 was first filed the case was randomly allotted and subsequently transferred to the original judge who had dismissed Civil Action 09-6228 without prejudice.  The two cases were never consolidated, which is not problematic in and of itself, but if the cases had been consolidated then Decatur's counsel would have received actual notice of everything that occurred in Civil Action 10-970.  The decision to consolidate is solely within the discretion of the presiding judge and this Court is not opining that consolidation should have occurred. Instead, the Court merely points out that if Civil Action 10-970 had been consolidated into the closed 09-6228, which some judges are wont to do, then notice would not have been an issue. Instead, none of the defaulted defendant's contact information was added to the docket sheet in Civil Action 10-970, and the motion for default itself contains no certificate of service. Finally, there is no indication that anyone from the court attempted to contact defense counsel who, at least up until the day before Civil Action 10-970 was filed, and continuing through the present, represented Decatur.  Perhaps a simple phone call to those same attorneys of record would have avoided the default in this case.

extensive contact that Sharif's counsel had had with Scott Day regarding the very facts that gave rise to this lawsuit, and given that Sharif easily contacted Day after the default was entered, it is clear to the Court that Sharif could have made Decatur aware of the second lawsuit and of the default proceedings had Sharif really wanted to do that.  Instead, Sharif ignored several modes of service of process that would have allowed service on Day instead of Palmer,[6] again an individual with whom Sharif had had extensive contact about the case, to instead serve a miscellaneous Decatur employee at a location that does not appear to be the location where Decatur regularly conducts its business.[7]  In other words, Sharif might have been less than interested in effectively serving Decatur and thereby having to defend the case on the merits.[8]

In sum, the Court is persuaded that service was not proper

---

[6] Louisiana Code of Civil Procedure article 1266 specifically permits service on a manager of the limited liability company when the registered agent cannot be served. La. Code Civ. Pro. art. 1266(B)(1).

[7] The Court did not learn during the July 12, 2012, status conference what Stacey Rico actually did with the complaint.

[8] At the July 12, 2011, status conference the Court questioned counsel about why Sharif did not attempt any of the other modes of service that would have ensured that Decatur received notice of the lawsuit.  The Court remains uncertain, however, as to what the intent was with respect to the mode of service.

and that the judgment is therefore void.

Accordingly;

**IT IS ORDERED** that the **Motion to Set Aside Default (Rec. Doc. 26)** filed by defendant Decatur Hotels, LLC is **GRANTED**. The default judgment entered on January 5, 2011 (Rec. Doc. 24), and the entry of default ordered on December 3, 2010 (Rec. Doc. 22), are **VACATED**;

**IT IS FURTHER ORDERED** that defendant Decatur Hotels, LLC answer the complaint within **ten (10) days** from entry of this Order.

November 7, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE